BENJAMIN B. WAGNER
United States Attorney
KYLE REARDON
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700
(916) 554-2900 FAX

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>BRET ALLAN NICHOLS,<br><br>  Defendant. | CASE NO.  2:13-CR-00400 MCE<br><br>**STIPULATION AND ORDER CONTINUING STATUS CONFERENCE FROM MAY 1, 2014, TO JUNE 19, 2014** |

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on May 1, 2014.

2. By this stipulation, the defendant now moves to continue the status conference until June 19, 2014, and to exclude time between May 1, 2014, and June 19, 2014 under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a. The government has represented that the discovery associated with this case includes several hundred pages of discovery.  Included with this discovery is a significant

1 amount of computer evidence. All of this discovery has been either produced directly to
2 counsel and/or made available for inspection and copying. In addition, defense counsel
3 has been involved in other matters, to include trial in state court, that have limited his
4 ability to adequately prepare.

5     b. Counsel for defendant believes that failure to grant the above-requested
6 continuance would deny him the reasonable time necessary for effective preparation,
7 taking into account the exercise of due diligence. In addition, the requested continuance
8 is necessary to ensure continuity of counsel.

9     c. The government does not object to the continuance.

10     d. Based on the above-stated findings, the ends of justice served by continuing
11 the case as requested outweigh the interest of the public and the defendant in a trial
12 within the original date prescribed by the Speedy Trial Act.

13     e. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. §
14 3161, et seq., the time period of May 1, 2014 to June 19, 2014, inclusive, is deemed
15 excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), Local Code T4, because it results
16 from a continuance granted by the Court at defendant's request on the basis of the
17 Court's finding that the ends of justice served by taking such action outweigh the best
18 interest of the public and the defendant in a speedy trial.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 28, 2014                              Respectfully Submitted,

                                                  BENJAMIN B. WAGNER
                                                  United States Attorney

                                        By:       */s/ Kyle Reardon*
                                                  KYLE REARDON
                                                  Assistant U.S. Attorney


Dated: April 28, 2014                              */s/ Kyle Reardon* for
                                                  RUSSELL MILLER
                                                  Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BRET ALLAN NICHOLS,<br><br>　　　　Defendant. | CASE NO. 2:13-CR-00400 MCE<br><br>**ORDER CONTINUING STATUS CONFERENCE FROM MAY 1, 2014, UNTIL JUNE 19, 2014** |

　　　The parties' above stipulation is approved and so ordered. The time beginning May 1, 2014, until June 19, 2014, is excluded from the calculation of time under the Speedy Trial Act. For the reasons contained in the parties' stipulation, this exclusion is appropriate to ensure effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv); Local Code T4. The interests of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

　　　IT IS SO ORDERED.

Dated: April 28, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT